**CRM**
**2008**

0 6 4 3 ᠐

James D. Matthews
08-197- M-01

**FILED**

MAR 2 6 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2008 FDC 006436

File Date 03/21/2008

UNITED STATES VS. JAMES D MATHEWS

aka

PMID # 357952

Lock up number 71

No Bond

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CRIMINAL DIVISION - FELONY BRANCH**

2008 MAR 24  P 3: 06        08 FDC 6436

UNITED STATES OF AMERICA                Magistrate No.: 08-197M-01

  v.                                        :
            :
            :

JAMES MATTHEWS                          :        March 21, 2008
            :
    Defendant.                       :

## MEMORANDUM OF LAW FOR PRESENTMENT OF DEFENDANTS CHARGED WITH A FEDERAL OFFENSE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Memorandum of Law on issues relevant to the presentment of the defendant who is charged with a violation of federal law in the District of Columbia Superior Court.

### This Court's Authority to Act as a Federal Magistrate Judge and to Order Pre-Trial Detention

A person arrested and charged with a federal offense must be taken without unnecessary delay before a judicial officer. If a magistrate judge is not reasonably available, the initial appearance may be before a state or local judicial officer. Fed. R. Crim. P. 5(c)(1)(B). The Superior Court, with respect to any criminal case over which the United States District Court for the District of Columbia has jurisdiction, may release or detain such offenders. Super. Ct. R. Crim. P. 40 ("Rule 40"). Rule 40 states that a D.C. Superior Court magistrate judge *may* release or detain a defendant pursuant to Chapter 13 of D.C. Code Title 23. However, Rule 40 does not require a D.C. Superior Court magistrate judge to determine detention or release pursuant to Chapter 13 of D.C. Code Title 23. Thus, a D.C. Superior Court magistrate judge, sitting as a federal magistrate judge, may detain

or set release conditions pursuant to federal detention law, 18 U.S.C. §§ 3141 and 3142, et. seq. in this case.

### **Applicable Law**

The law governing pre-trial release and detention of persons charged with federal offenses is codified at 18 U.S.C. §§ 3141, 3142 et. seq. Upon the government's motion, the Court <u>shall</u> hold a detention hearing in cases that involve possession of a firearm. 18 U.S.C. § 3142(f)(1)(E). In the instant case, the defendants is charged with Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for One Year or More. Accordingly, the defendant is eligible for pre-trial detention, and the Court, upon the government's motion for pre-trial detention, must hold a detention hearing in this case. 18 U.S.C. § 3142(f) (2007).

Upon motion of the government, the hearing can be continued for a period of up to three days, excluding any intermediate Saturday, Sunday or legal holiday. During that period the defendant must remain detained. 18 U.S.C. § 3142(f) (2007).

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

BY:  _Angela S. George_

Angela S. George
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530

<u>Certificate of Service</u>

I HEREBY CERTIFY that a copy of the foregoing memorandum was delivered by hand upon counsel for the defendant, this 21st day of March, 2008.

Angela S. George
Assistant United States Attorney

"(5) the identity of the applying investigative or law enforcement agency making the application for an order; and

"(6) the specific persons authorizing the use of the DCS 1000 program (or any subsequent version of such program) in the implementation of such order."

## § 3127.  Definitions for chapter

As used in this chapter—

(1) the terms "wire communication", "electronic communication", "electronic communication service", and "contents" have the meanings set forth for such terms in section 2510 of this title;

(2) the term "court of competent jurisdiction" means—

(A) any district court of the United States (including a magistrate judge of such a court) or any United States court of appeals having jurisdiction over the offense being investigated; or

(B) a court of general criminal jurisdiction of a State authorized by the law of that State to enter orders authorizing the use of a pen register or a trap and trace device;

(3) the term "pen register" means a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted, provided, however, that such information shall not include the contents of any communication, but such term does not include any device or process used by a provider or customer of a wire or electronic communication service for billing, or recording as an incident to billing, for communications services provided by such provider or any device or process used by a provider or customer of a wire communication ser-

vice for cost accounting or other like purposes in the ordinary course of its business;

(4) the term "trap and trace device" means a device or process which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication, provided, however, that such information shall not include the contents of any communication;

(5) the term "attorney for the Government" has the meaning given such term for the purposes of the Federal Rules of Criminal Procedure; and

(6) the term "State" means a State, the District of Columbia, Puerto Rico, and any other possession or territory of the United States.

(Added Pub.L. 99–508, Title III, § 301(a), Oct. 21, 1986, 100 Stat. 1871, § 3126, and renumbered § 3127, Pub.L. 100–690, Title VII, § 7092(a)(1), Nov. 18, 1988, 102 Stat. 4410, and amended Pub.L. 101–650, Title III, § 321, Dec. 1, 1990, 104 Stat. 5117; Pub.L. 107–56, Title II, § 216(c)(1) to (4), Oct. 26, 2001, 115 Stat. 290.)

### HISTORICAL AND STATUTORY NOTES

**Effective and Applicability Provisions**

**1986 Acts.** Section effective 90 days after Oct. 21, 1986, except as otherwise provided in section 302 of Pub.L. 99–508, with respect to conduct pursuant to court order or extension, see section 302 of Pub.L. 99–508, set out as a note under section 3121 of this title.

**Change of Name**

Words "magistrate judge" substituted for "magistrate" in par. (2)(A) pursuant to section 321 of Pub.L. 101–650, set out as a note under 28 U.S.C.A. § 631.

## CHAPTER 207—RELEASE AND DETENTION PENDING JUDICIAL PROCEEDINGS

Sec.
3141.    Release and detention authority generally.
3142.    Release or detention of a defendant pending trial.
3143.    Release or detention of a defendant pending sentence or appeal.
3144.    Release or detention of a material witness.
3145.    Review and appeal of a release or detention order.
3146.    Penalty for failure to appear.
3147.    Penalty for an offense committed while on release.
3148.    Sanctions for violation of a release condition.
3149.    Surrender of an offender by a surety.
3150.    Applicability to a case removed from a State court.
[3150a.  Repealed.]
3151.    Refund of forfeited bail.
3152.    Establishment of pretrial services.
3153.    Organization and administration of pretrial services.
3154.    Functions and powers relating to pretrial services.
3155.    Annual reports.
3156.    Definitions.

### HISTORICAL AND STATUTORY NOTES

**Savings Provisions of Pub.L. 98–473, Title II, c. II**

See section 235 of Pub.L. 98–473, Title II, c. II, Oct. 12, 1984, 98 Stat. 2031, set out as a note under section 3551 of this title.

## § 3141.  Release and detention authority generally

(a) **Pending trial.**—A judicial officer authorized to order the arrest of a person under section 3041 of this title before whom an arrested person is brought shall order that such person be released or detained, pending judicial proceedings, under this chapter.

(b) **Pending sentence or appeal.**—A judicial officer of a court of original jurisdiction over an offense, or a judicial officer of a Federal appellate court, shall order that, pending imposition or execution

tence, or pending appeal of conviction or sentence, a person be released or detained under this chapter. (Added Pub.L. 98–473, Title II, § 203(a), Oct. 12, 1984, 98 Stat. 1976, and amended Pub.L. 99–646, § 55(a), (b), Nov. 10, 1986, 100 Stat. 3607.)

### HISTORICAL AND STATUTORY NOTES

**Effective and Applicability Provisions**

**1986 Acts.** Section 55(j) of Pub.L. 99–646 provided that: "The amendments made by this section [amending sections 3141 to 3144, 3146 to 3148, and 3156 of this title] shall take effect 30 days after the date of enactment of this Act [Nov. 10, 1986]."

**Prior Provisions**

A prior section, 3141, Act June 25, 1948, c. 645, 62 Stat. 821; June 22, 1966, Pub.L. 89–465, § 5(b), 80 Stat. 217, which related to bail power of courts and magistrates, was repealed by Pub.L. 98–473, Title II, c. 1, § 203(a), Oct. 12, 1984, 98 Stat. 1976.

**Short Title**

**2004 Amendments.** Pub.L. 108–458, Title VI, § 6951, Dec. 17, 2004, 118 Stat. 3775, provided that: "This subtitle [Pub.L. 108–458, Title VI, Subtitle K, §§ 6951, 6952, Dec. 17, 2004, 118 Stat. 3775, amending 18 U.S.C.A. § 3142] may be cited as the 'Pretrial Detention of Terrorists Act of 2004'."

**1990 Amendments.** Pub.L. 101–647, Title IX, § 901, Nov. 29, 1990, 104 Stat. 4826, provided that: "This title [amending 18 U.S.C.A. §§ 3143 and 3145] may be cited as the 'Mandatory Detention for Offenders Convicted of Serious Crimes Act'."

**1984 Amendments.** Section 202 of Pub.L. 98–473 provided that: "This chapter [enacting sections 3062 and 3141 to 3150 of this title, amending sections 3041, 3042, 3154, 3156, 3731, 3772, and 4282 of this title, rules 5, 15, 40, 46 and 54 of the Federal Rules of Criminal Procedure, this title, section 636 of Title 28, Judiciary and Judicial Procedure, rule 9 of the Federal Rules of Appellate Procedure, and repealing section 3043 of this title and former sections 3141 to 3151 of this title] may be cited as the 'Bail Reform Act of 1984'."

**1982 Amendments.** Pub.L. 97–267, § 1, Sept. 27, 1982, 96 Stat. 1136, provided: "That this Act [amending sections 3152 to 3155 of this title and section 604 of Title 28, Judiciary and Judicial Procedure, and enacting provisions set out as notes under sections 3141 and 3152 of this title] may be cited as the 'Pretrial Services Act of 1982'."

**1966 Amendments.** Section 1 of Pub.L. 89–465 provided: "That this Act [enacting sections 3146 to 3152 of this title, amending sections 3041, 3141 to 3143, and 3568 of this title, and enacting provisions set out as a note below] may be cited as the 'Bail Reform Act of 1966'."

**Purpose of Bail Reform Act of 1966**

Section 2 of Pub.L. 89–465 provided that: "The purpose of this Act [enacting sections 3146 to 3152 of this title, amending sections 3041, 3141 to 3143, and 3568 of this title and enacting provisions set out as a note above] is to revise the practices relating to bail to assure that all persons, regardless of their financial status, shall not needlessly be detained pending their appearance to answer charges, to testify, or pending appeal, when detention serves neither the ends of justice nor the public interest."

## § 3142.   Release or detention of a defendant pending trial

**(a) In general.**—Upon the appearance before a judicial officer of a person charged with an offense, the judicial officer shall issue an order that, pending trial, the person be—

    (1) released on personal recognizance or upon execution of an unsecured appearance bond, under subsection (b) of this section;

    (2) released on a condition or combination of conditions under subsection (c) of this section;

    (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion under subsection (d) of this section; or

    (4) detained under subsection (e) of this section.

**(b) Release on personal recognizance or unsecured appearance bond.**—The judicial officer shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court, subject to the condition that the person not commit a Federal, State, or local crime during the period of release and subject to the condition that the person cooperate in the collection of a DNA sample from the person if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. 14135a), unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.

**(c) Release on conditions.**—**(1)** If the judicial officer determines that the release described in subsection (b) of this section will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community, such judicial officer shall order the pretrial release of the person—

    **(A)** subject to the condition that the person not commit a Federal, State, or local crime during the period of release and subject to the condition that the person cooperate in the collection of a DNA sample from the person if the collection of such a sample is authorized pursuant to section 3 of the DNA Analysis Backlog Elimination Act of 2000 (42 U.S.C. 14135a); and

    **(B)** subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person—

        (i) remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the

court, if the designated person is able reasonably to assure the judicial officer that the person will appear as required and will not pose a danger to the safety of any other person or the community;

(ii) maintain employment, or, if unemployed, actively seek employment;

(iii) maintain or commence an educational program;

(iv) abide by specified restrictions on personal associations, place of abode, or travel;

(v) avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense;

(vi) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;

(vii) comply with a specified curfew;

(viii) refrain from possessing a firearm, destructive device, or other dangerous weapon;

(ix) refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802), without a prescription by a licensed medical practitioner;

(x) undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and remain in a specified institution if required for that purpose;

(xi) execute an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure the appearance of the person as required, and shall provide the court with proof of ownership and the value of the property along with information regarding existing encumbrances as the judicial office may require;

(xii) execute a bail bond with solvent sureties; who will execute an agreement to forfeit in such amount as is reasonably necessary to assure appearance of the person as required and shall provide the court with information regarding the value of the assets and liabilities of the surety if other than an approved surety and the nature and extent of encumbrances against the surety's property; such surety shall have a net worth which shall have sufficient unencumbered value to pay the amount of the bail bond;

(xiii) return to custody for specified hours following release for employment, schooling, or other limited purposes; and

(xiv) satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community.

In any case that involves a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1),

2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title, or a failure to register offense under section 2250 of this title, any release order shall contain, at a minimum, a condition of electronic monitoring and each of the conditions specified at subparagraphs (iv), (v), (vi), (vii), and (viii).

(2) The judicial officer may not impose a financial condition that results in the pretrial detention of the person.

(3) The judicial officer may at any time amend the order to impose additional or different conditions of release.

**(d) Temporary detention to permit revocation of conditional release, deportation, or exclusion.**—If the judicial officer determines that—

(1) such person—

(A) is, and was at the time the offense was committed, on—

(i) release pending trial for a felony under Federal, State, or local law;

(ii) release pending imposition or execution of sentence, appeal of sentence or conviction, or completion of sentence, for any offense under Federal, State, or local law; or

(iii) probation or parole for any offense under Federal, State, or local law; or

(B) is not a citizen of the United States or lawfully admitted for permanent residence, as defined in section 101(a)(20) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(20)); and

(2) such person may flee or pose a danger to any other person or the community;

such judicial officer shall order the detention of such person, for a period of not more than ten days, excluding Saturdays, Sundays, and holidays, and direct the attorney for the Government to notify the appropriate court, probation or parole official, or State or local law enforcement official, or the appropriate official of the Immigration and Naturalization Service. If the official fails or declines to take such person into custody during that period, such person shall be treated in accordance with the other provisions of this section, notwithstanding the applicability of other provisions of law governing release pending trial or deportation or exclusion proceedings. If temporary detention is sought under paragraph (1)(B) of this subsection, such person has the burden of proving to the court such person's United States citizenship or lawful admission for permanent residence.

**(e) Detention.**—If, after a hearing pursuant to the provisions of subsection (f) of this section, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order

the detention of the person before trial. In a case described in subsection (f)(1) of this section, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the safety of any other person and the community if such judicial officer finds that—

(1) the person has been convicted of a Federal offense that is described in subsection (f)(1) of this section, or of a State or local offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed;

(2) the offense described in paragraph (1) of this subsection was committed while the person was on release pending trial for a Federal, State, or local offense; and

(3) a period of not more than five years has elapsed since the date of conviction, or the release of the person from imprisonment, for the offense described in paragraph (1) of this subsection, whichever is later.

Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, an offense under section 924(c), 956(a), or 2332b of this title, or an offense listed in section 2332b(g)(5)(B) of title 18, United States Code, for which a maximum term of imprisonment of 10 years or more is prescribed or an offense involving a minor victim under section 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425 of this title.

(f) Detention hearing.—The judicial officer shall hold a hearing to determine whether any condition or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community—

(1) upon motion of the attorney for the Government, in a case that involves—

(A) a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

(B) an offense for which the maximum sentence is life imprisonment or death;

(C) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46;

(D) any felony if such person has been convicted of two or more offenses described in subparagraphs (A) through (C) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (A) through (C) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; or

(E) any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm or destructive device (as those terms are defined in section 921), or any other dangerous weapon, or involves a failure to register under section 2250 of title 18, United States Code; or

(2) Upon motion of the attorney for the Government or upon the judicial officer's own motion, in a case that involves—

(A) a serious risk that such person will flee; or

(B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror.

The hearing shall be held immediately upon the person's first appearance before the judicial officer unless that person, or the attorney for the Government, seeks a continuance. Except for good cause, a continuance on motion of such person may not exceed five days (not including any intermediate Saturday, Sunday, or legal holiday), and a continuance on motion of the attorney for the Government may not exceed three days (not including any intermediate Saturday, Sunday, or legal holiday). During a continuance, such person shall be detained, and the judicial officer, on motion of the attorney for the Government or sua sponte, may order that, while in custody, a person who appears to be a narcotics addict receive a medical examination to determine whether such person is an addict. At the hearing, such person has the right to be represented by counsel, and, if financially unable to obtain adequate representation, to have counsel appointed. The person shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise. The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing. The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of

conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence. The person may be detained pending completion of the hearing. The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

**(g) Factors to be considered.**—The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning—

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

**(h) Contents of release order.**—In a release order issued under subsection (b) or (c) of this section, the judicial officer shall—

(1) include a written statement that sets forth all the conditions to which the release is subject, in a manner sufficiently clear and specific to serve as a guide for the person's conduct; and

(2) advise the person of—

(A) the penalties for violating a condition of release, including the penalties for committing an offense while on pretrial release;

(B) the consequences of violating a condition of release, including the immediate issuance of a warrant for the person's arrest; and

(C) sections 1503 of this title (relating to intimidation of witnesses, jurors, and officers of the court), 1510 (relating to obstruction of criminal investigations), 1512 (tampering with a witness, victim, or an informant), and 1513 (retaliating against a witness, victim, or an informant).

**(i) Contents of detention order.**—In a detention order issued under subsection (e) of this section, the judicial officer shall—

(1) include written findings of fact and a written statement of the reasons for the detention;

(2) direct that the person be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3) direct that the person be afforded reasonable opportunity for private consultation with counsel; and

(4) direct that, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the person is confined deliver the person to a United States marshal for the purpose of an appearance in connection with a court proceeding.

The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

**(j) Presumption of innocence.**—Nothing in this section shall be construed as modifying or limiting the presumption of innocence.

(Added Pub.L. 98–473, Title II, § 203(a), Oct. 12, 1984, 98 Stat. 1976, and amended Pub.L. 99–646, §§ 55(a), (c), 72, Nov. 10, 1986, 100 Stat. 3607, 3617; Pub.L. 100–690, Title VII, § 7073, Nov. 18, 1988, 102 Stat. 4405; Pub.L. 101–647, Title X, § 1001(b), Title XXXVI, §§ 3622–3624, Nov. 29, 1990, 104 Stat. 4827, 4965; Pub.L. 104–132, Title VII, §§ 702(d), 729, Apr. 24, 1996, 110 Stat. 1294, 1302; Pub.L. 108–21, Title II, § 203, Apr. 30, 2003, 117 Stat. 660; Pub.L. 108–458, Title VI, § 6952, Dec. 17, 2004, 118 Stat. 3775; Pub.L. 109–162, Title X, § 1004(b), Jan. 5, 2006, 119 Stat.

3085; Pub.L. 109–248, Title II, § 216, July 27, 2006, 120 Stat. 617; Pub.L. 109–304, § 17(d)(7), Oct. 6, 2006, 120 Stat. 1707.)

## HISTORICAL AND STATUTORY NOTES

### References in Text

Section 102 of the Controlled Substances Act, referred to in subsec. (c)(1)(B)(ix), is classified to section 802 of Title 21, Food and Drugs.

Section 101(a)(20) of the Immigration and Nationality Act, referred to in subsec. (d)(1)(B), is classified to section 1101(a)(20) of Title 8, Aliens and Nationality.

The Controlled Substances Act, referred to in subsecs. (e) and (f)(1)(C), is Title II of Pub.L. 91–513, Oct. 27, 1970, 84 Stat. 1242, which is classified principally to subchapter I (section 801 et seq.) of chapter 13 of Title 21, Food and Drugs. For complete classification of this Act to the Code, see Short Title note set out under section 801 of Title 21 and Tables volume.

The Controlled Substances Import and Export Act, referred to in subsecs. (e) and (f)(1)(C), is Title III of Pub.L. 91–513, Oct. 27, 1970, 84 Stat. 1285, which is classified principally to subchapter II (section 951 et seq.) of chapter 13 of Title 21. For complete classification of this Act to the Code, see Short Title note set out under section 951 of Title 21 and Tables volume.

Chapter 705 of title 46, referred to in subsecs. (e) and (f)(1)(C), is Maritime Drug Law Enforcement, 46 U.S.C.A. § 70501 et seq.

### Effective and Applicability Provisions

**1990 Acts.** Amendment by sections 3622, 3623 and 3624 of Pub.L. 101–647 effective 180 days after Nov. 29, 1990, see section 3631 of Pub.L. 101–647, set out as a note under section 3001 of Title 28, Judiciary and Judicial Procedure.

**1986 Acts.** Amendment by section 55 of Pub.L. 99–646 effective 30 days after Nov. 10, 1986, see section 55(j) of Pub.L. 99–646, set out as a note under section 3141 of this title.

### Abolition of Immigration and Naturalization Service and Transfer of Functions

For abolition of Immigration and Naturalization Service, transfer of functions, and treatment of related references, see note set out under 8 U.S.C.A. § 1551.

### Prior Provisions

A prior section 3142, Act June 25, 1948, c. 645, 62 Stat. 821; June 22, 1966, Pub.L. 89–465, § 5(c), 80 Stat. 217, relating to surrender by bail, was repealed by Pub.L. 98–473, Title II, c. 1, § 203(a), Oct. 12, 1984, 98 Stat. 1976. See section 3149 of this title.

## § 3143. Release or detention of a defendant pending sentence or appeal

(a) **Release or detention pending sentence.**—(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by

clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—

(A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or

(ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and

(B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

(b) **Release or detention pending appeal by the defendant.**—(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

(2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsec-

tion (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

**(c) Release or detention pending appeal by the government.**—The judicial officer shall treat a defendant in a case in which an appeal has been taken by the United States under section 3731 of this title, in accordance with section 3142 of this title, unless the defendant is otherwise subject to a release or detention order.

Except as provided in subsection (b) of this section, the judicial officer, in a case in which an appeal has been taken by the United States under section 3742, shall—

(1) if the person has been sentenced to a term of imprisonment, order that person detained; and

(2) in any other circumstance, release or detain the person under section 3142.

(Added Pub.L. 98–473, Title II, § 203(a), Oct. 12, 1984, 98 Stat. 1981, and amended Pub.L. 98–473, Title II, § 223(f), Oct. 12, 1986, 98 Stat. 2028; Pub.L. 99–646, §§ 51(a), 55(a), (d), Nov. 10, 1986, 100 Stat. 3605, 3607, 3609; Pub.L. 100–690, Title VII, § 7091, Nov. 18, 1988, 102 Stat. 4410; Pub.L. 101–647, Title IX, § 902(a), (b), Title X, § 1001(a), Nov. 29, 1990, 104 Stat. 4826, 4827; Pub.L. 102–572, Title VII, § 703, Oct. 29, 1992, 106 Stat. 4515.)

**HISTORICAL AND STATUTORY NOTES**

**Effective and Applicability Provisions**

**1992 Acts.** Amendment by Pub.L. 102–572 effective Jan. 1, 1993, see section 1101 of Pub.L. 102–572, set out as a note under section 905 of Title 2, The Congress.

**1986 Acts.** Amendment by section 55 of Pub.L. 99–646 effective 30 days after Nov. 10, 1986, see section 55(j) of Pub.L. 99–646, set out as a note under section 3141 of this title.

**1984 Amendments.** Amendment by Pub.L. 98–473 effective on the first day of first calendar month beginning thirty-six months after Oct. 12, 1984, applicable only to offenses committed after taking effect of sections 211 to 239 of Pub.L. 98–473, and except as otherwise provided for therein, see section 235 of Pub.L. 98–473, as amended, set out as a note under section 3551 of this title.

**Repeals**

Section 51(b) of Pub.L. 99–646 provided that amendment by section 223(f)(2) of Pub.L. 98–473 shall not take effect, such amendment having added a concluding sentence to subsec. (c), eff. Nov. 1, 1987 pursuant to section 235(a)(1) of Pub.L. 98–473, which read: "The judge shall treat a defendant in a case in which an appeal has been taken by the United States pursuant to the provisions of section 3742 in accordance with the provisions of—

"(1) subsection (a) if the person has been sentenced to a term of imprisonment; or

"(2) section 3142 if the person has not been sentenced to a term of imprisonment."

**Prior Provisions**

A prior section 3143, Act June 25, 1948, c. 645, 62 Stat. 821; June 22, 1966, Pub.L. 89–465, § 5(d), 80 Stat. 217, providing for additional bail in cases where it appeared that a person was about to abscond and that the person's bail was insufficient, was repealed by Pub.L. 98–473, Title II, c. 1, § 203(a), Oct. 12, 1984, 98 Stat. 1976.

**§ 3144. Release or detention of a material witness**

If it appears from an affidavit filed by a party that the testimony of a person is material in a criminal proceeding, and if it is shown that it may become impracticable to secure the presence of the person by subpoena, a judicial officer may order the arrest of the person and treat the person in accordance with the provisions of section 3142 of this title. No material witness may be detained because of inability to comply with any condition of release if the testimony of such witness can adequately be secured by deposition, and if further detention of the witness is not necessary to prevent a failure of justice. Release of a material witness may be delayed for a reasonable period of time until the deposition of the witness can be taken pursuant to the Federal Rules of Criminal Procedure.

(Added Pub.L. 98–473, Title II, § 203(a), Oct. 12, 1984, 98 Stat. 1982, and amended Pub.L. 99–646, § 55(e), Nov. 10, 1986, 100 Stat. 3609.)

**HISTORICAL AND STATUTORY NOTES**

**Effective and Applicability Provisions**

**1986 Acts.** Amendment by section 55 of Pub.L. 99–646 effective 30 days after Nov. 10, 1986, see section 55(j) of Pub.L. 99–646, set out as a note under section 3141 of this title.

**Prior Provisions**

A prior section 3144, Act June 25, 1948, c. 645, 62 Stat. 821, providing for bail in cases removed from State courts and brought to the Supreme Court of the United States, was repealed by Pub.L. 98–473, Title II, c. 1, § 203(a), Oct. 12, 1984, 98 Stat. 1976. See section 3150 of this title.

**§ 3145. Review and appeal of a release or detention order**

**(a) Review of a release order.**—If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court—

(1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release; and

(2) the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release.

The motion shall be determined promptly.

## POST-CONVICTION PROCEDURES

# Rule 32.1

*ited States v. Brown*, 715 F.2d 387, 389 n.2 (5th Cir. 1983) *ntencing* report affects "place of incarceration, chances for *role*, and relationships with social service and correctional *ncies* after release from prison").

*o* avoid unduly burdening the court, the Committee elect-*not* to require resolution of objections that go only to *ice* of sentence. However, because of the presentence *rt's* critical role in post-sentence administration, counsel *wish* to point out to the court those matters that are *lly* considered by the Bureau of Prisons in designating *lace* of confinement. For example, the Bureau considers: *type* of offense, the length of sentence, the defendant's *, the* defendant's release residence, the need for medi-*or* other special treatment, and any placement recom-*dation* made by the court.

*icial Guide to the Federal Bureau of Prisons, supra,* Further, a question as to whether or not the defendant *"drug* problem" could have an impact on whether the *dant* would be eligible for prison drug abuse treatment *ams.* 18 U.S.C. § 3621(e) (Substance abuse treatment).

*ounsel* objects to material in the presentence report *ould* affect the defendant's service of sentence, the *may* resolve the objection, but is not required to do so.

### HISTORICAL NOTES

*ve* and Applicability Provisions

**Acts.** Amendment by Pub.L. 104–132 to be effective, *extent* constitutionally permissible, for sentencing *ings* in cases in which the defendant is convicted on *Apr.* 24, 1996, see section 211 of Pub.L. 104–132, set *note* under section 2248 of this title.

**Acts.** Section 230101(c) of Pub.L. 103–322 provided *The* amendments made by subsection (b) [amending *e]* shall become effective on December 1, 1994."

**Acts.** Section 25(b) of Pub.L. 99–646 provided that: *endment* made by subsection (a) shall take effect on *g* effect of the amendment made by section 215(a)(5) *mprehensive* Crime Control Act of 1984 [§ 215(a)(5) *,98–473,* effective Nov. 1, 1987]."

**ts.** Amendment by Pub.L. 98–473 effective on the *of* first calendar month beginning thirty six months *12,* 1984, applicable only to offenses committed *ng* effect of sections 211 to 239 of Pub.L. 98–473, *t* as otherwise provided for therein, see section 235 *98–473,* as amended, set out as a note under section *le* 18, Crimes and Criminal Procedure.

**ts.** Amendment by Pub.L. 97–291 effective Oct. 14, *ection* 9(a) of Pub.L. 97–291 set out as a note under *on* 1512 of Title 18, Crimes and Criminal Proce-

**s.** Amendments of this rule embraced in the order *ed* States Supreme Court on Apr. 22, 1974, and *ents* of this rule made by section 3 of Pub.L. *ive* Dec. 1, 1975, see section 2 of Pub.L. 94–64, *a* note under rule 4 of these rules. The effective *amendments* proposed on Apr. 22, 1974 was *tponed* until Aug. 1, 1975. See Pub.L. 93–361, *4,* 88 Stat. 397, set out as a note under section *18,* Crimes and Criminal Procedure.

## Rule 32.1.  Revoking or Modifying Probation or Supervised Release

**(a) Initial Appearance.**

**(1) Person In Custody.** A person held in custody for violating probation or supervised release must be taken without unnecessary delay before a magistrate judge.

**(A)** If the person is held in custody in the district where an alleged violation occurred, the initial appearance must be in that district.

**(B)** If the person is held in custody in a district other than where an alleged violation occurred, the initial appearance must be in that district, or in an adjacent district if the appearance can occur more promptly there.

**(2) Upon a Summons.** When a person appears in response to a summons for violating probation or supervised release, a magistrate judge must proceed under this rule.

**(3) Advice.** The judge must inform the person of the following:

**(A)** the alleged violation of probation or supervised release;

**(B)** the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and

**(C)** the person's right, if held in custody, to a preliminary hearing under Rule 32.1(b)(1).

**(4) Appearance in the District With Jurisdiction.** If the person is arrested or appears in the district that has jurisdiction to conduct a revocation hearing—either originally or by transfer of jurisdiction—the court must proceed under Rule 32.1(b)–(e).

**(5) Appearance in a District Lacking Jurisdiction.** If the person is arrested or appears in a district that does not have jurisdiction to conduct a revocation hearing, the magistrate judge must:

**(A)** if the alleged violation occurred in the district of arrest, conduct a preliminary hearing under Rule 32.1(b) and either:

**(i)** transfer the person to the district that has jurisdiction, if the judge finds probable cause to believe that a violation occurred; or

**(ii)** dismiss the proceedings and so notify the court that has jurisdiction, if the judge finds no probable cause to believe that a violation occurred; or

**(B)** if the alleged violation did not occur in the district of arrest, transfer the person to the district that has jurisdiction if:

**(i)** the government produces certified copies of the judgment, warrant, and warrant application, or produces copies of those certified documents by reliable electronic means; and

# Rule 32.1

## RULES OF CRIMINAL PROCEDURE

(ii) the judge finds that the person is the same person named in the warrant.

**(6) Release or Detention.** The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a) pending further proceedings. The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the person.

**(b) Revocation.**

**(1) Preliminary Hearing.**

**(A) In General.** If a person is in custody for violating a condition of probation or supervised release, a magistrate judge must promptly conduct a hearing to determine whether there is probable cause to believe that a violation occurred. The person may waive the hearing.

**(B) Requirements.** The hearing must be recorded by a court reporter or by a suitable recording device. The judge must give the person:

(i) notice of the hearing and its purpose, the alleged violation, and the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel;

(ii) an opportunity to appear at the hearing and present evidence; and

(iii) upon request, an opportunity to question any adverse witness, unless the judge determines that the interest of justice does not require the witness to appear.

**(C) Referral.** If the judge finds probable cause, the judge must conduct a revocation hearing. If the judge does not find probable cause, the judge must dismiss the proceeding.

**(2) Revocation Hearing.** Unless waived by the person, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction. The person is entitled to:

**(A)** written notice of the alleged violation;

**(B)** disclosure of the evidence against the person;

**(C)** an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear;

**(D)** notice of the person's right to retain counsel or to request that counsel be appointed if the person cannot obtain counsel; and

**(E)** an opportunity to make a statement and present any information in mitigation.

**(c) Modification.**

**(1) In General.** Before modifying the conditions of probation or supervised release, the court must hold a hearing, at which the person has the right to counsel and an opportunity to make a statement and present any information in mitigation.

**(2) Exceptions.** A hearing is not required if:

**(A)** the person waives the hearing; or

**(B)** the relief sought is favorable to the person and does not extend the term of probation or supervised release; and

**(C)** an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so.

**(d) Disposition of the Case.** The court's disposition of the case is governed by 18 U.S.C. § 3565 § 3565 (probation) and § 3583 (supervised release).

**(e) Producing a Statement.** Rule 26.2(a)–(d) (f) applies at a hearing under this rule. If a party fails to comply with a Rule 26.2 order to produce a witness's statement, the court must not consider that witness's testimony.

(Added Apr. 30, 1979, eff. Dec. 1, 1980, and amended Nov. 10, 1986, Pub.L. 99–646, § 12(b), 100 Stat. 3594;  Mar. 9, 1987, eff. Aug. 1, 1987;  Apr. 25, 1989, eff. Dec. 1, 1989;  Apr. 30, 1991, eff. Dec. 1, 1991;  Apr. 22, 1993, eff. Dec. 1, 1993;  Apr. 29, 2002, eff. Dec. 1, 2002;  Apr. 25, 2005, eff. Dec. 1, 2005; Apr. 12, 2006, eff. Dec. 1, 2006.)

### ADVISORY COMMITTEE NOTES

#### 1979 Addition

**Rule 32.1 (a) (1).** Since *Morrissey v. Brewer*, 408 U.S. 471 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778 (1973), it is clear that a probationer can no longer be denied due process in reliance on the dictum in *Escoe v. Zerbst*, 295 U.S. 490 (1935), that probation is an "act of grace."  See Van Alstyne, The Demise of the Right-Privilege Distinction in Constitutional Law, 81 Harv.L.Rev. 1439 (1968);  President's Commission on Law Enforcement and Administration of Justice, Task Force Report: Corrections 86 (1967).

Subdivision (a) (1) requires, consistent with the holding of *Scarpelli* that a prompt preliminary hearing must be held whenever "a probationer is held in custody on the ground that he has violated a condition of his probation."  See 18 U.S.C. § 3653 regarding arrest of the probationer who is without a warrant.  If there is to be a revocation hearing and there has not been a holding in custody for a probation violation, there need not be a preliminary hearing.  But the fact of such a holding in custody "which prompts the Court to determine that a preliminary as well as a final revocation hearing was required to afford the petitioner due process of law."  *United States v. Tucker*, 524 F.2d 77 (5th Cir.1975).  Consequently, a preliminary hearing need not be held if the probationer was at large and was not arrested but was allowed to appear voluntarily, *United States v. Sciuto*, 503 F.2d 1081 (8th Cir.1974), or in response to a show cause order which "merely requires his appearance in court," *United States v. Langford*, 369 F.Supp. 1107 (N.D.Ill.1973); if the probationer was in custody pursuant to a new charge, such as *United States*, 391 F.Supp. 202 (W.D.Pa.1975); pursuant to a final conviction of a subsequent offense, *United States v. Tucker*, supra;  or if he was arrested but obtained his release.

Subdivision (a) (1) (A), (B) and (C) list the requirements of the preliminary hearing, as developed in *Morrissey* and made applicable to probation revocation cases in *Scarpelli*.

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CRIMINAL DIVISION**
FORM FOR U.S. DISTRICT COURT CASES

UNITED STATES
No. _08-197m-01_                                    TOT

Vs.                                                 P.D.I.D. No. _357-952_

_James Matthews_
(Defendant)

☑ This is a Federal case which is pending in the U.S. District Court for the District of Columbia

and is, therefore, transferred over to the United States District Court for the District of

Columbia. The next court date is: _Tuesday, 3/25/08 @ 1:45 p.m._

COMMITMENT/RELEASE   _Judge John Facciola_

☒ **NO BOND**
☐ BOND $ _____

Defendant to be delivered for presentment in U.S.D.C. for the District of Columbia

Next Court Date: _3/25/08 @ 1:45 pm_

☐ Released on Personal Recognizance to report to the E. Barrett Prettyman U.S. Courthouse,

333 Constitution Avenue, N.W. on: _____.

DEFENSE COUNSEL APPOINTED FOR PRESENTMENT IN SUPERIOR COURT ONLY:

Name: _____

Address: _____

Telephone No. _____

DEFENDANT'S NAME: _____--

Address: _____

Telephone No. _____

DEFENDANT'S SIGNATURE: _____

DATE: _3/21/08_          _____
                          **JUDICIAL OFFICER PRESIDING**

white-court          yellow-usao          Pink-defense

CD-3026/Mar. 03

_John Garner_
_3835_          _3/21/08_

| Charge Description | Sentence Description | Disp Date |
|---|---|---|
| Simple Assault | Confinement: 120 Days  / VVCCA: $200.00 | 7/17/2001 |

According to jail records the defendant was released on 3/10/04

---

**File Date:** 2/22/1989          **Docket Number:** 1989-FEL-002131

| Charge Description | Sentence Description | Disp Date |
|---|---|---|
| UCSA Possession With Intent to Distribute Cocaine | Confinement: 20 Months To 5 Years | 7/28/1989 |

DC Jail records do not reflect an accurate release date in this case.

Automated parole records do not reflect this case. PSA defers to the Court.

---

**File Date:** 12/15/1983          **Docket Number:** 1983-FEL-007239

| Charge Description | Sentence Description | Disp Date |
|---|---|---|
| Armed Robbery | Confinement: 5 Years To 20 Years | 11/21/1984 |
| Armed Robbery | Confinement: 5 Years To 20 Years | 11/21/1984 |

DC Jail records do not reflect an accurate release date in this case.

Automated parole records do not reflect this case. PSA defers to the Court.

---

**File Date:** 10/17/1983          **Docket Number:** 1983-FEL-005945

| Charge Description | Sentence Description | Disp Date |
|---|---|---|
| Robbery | Confinement: 4 Years To 12 Years | 11/21/1984 |
| Assault Dangerous Weapon (Gun) | Confinement: 40 Months To 10 Years | 11/21/1984 |

DC Jail records do not reflect an accurate release date in this case.

Automated parole records do not reflect this case. PSA defers to the Court.

---

**File Date:** 9/22/1983          **Docket Number:** 1983-CMD-012839

*2008 FDC 6436*

# D. C. PRETRIAL SERVICES AGENCY
## Pretrial Services Report

## United States vs. JAMES DORNELL MATTHEWS

DOB: 1/17/1964

PDID: 357952

Also known as:    James Darnell Herron III

James Darnell Matthews

James Darnell Matthews III

**Lockup #:**

**File Date:** 03/21/2008                    **Docket Number:**

Lockup Date: 3/21/2008                    PSA Case #: 08081949

Date Prepared:    3/21/2008

Date Printed:    3/21/2008

*USC*
*31 42*

### Charge(s)
Possession Firearm After Convicted of a Felony

### Detention Eligibility and/or Administrative Procedures

According to information available to the D.C. Pretrial Services Agency, the following applies:

§18-3142(f)(1)(E) – Defendant has been charged with an offense that involves the possession or use of a firearm or destructive device (as those terms are defined in Section 921), or any other dangerous weapon.

§18-3142(d)(1)(A)(iii) – Defendant on probation or parole.

§18-3142 (f)(1)(D) - Defendant has been charged with any felony, having been convicted of two or more offenses described in 18-3142(f)(1)(A), (B), or (C), or two or more State or local offenses described in these sections, if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses.

### Recommendations
At this time, there are no conditions or combination of conditions that PSA can recommend to assure community safety or appearance.

### Criminal History

**Last criminal history record check conducted on:**  03/21/2008


Case: 2008 FDC 006436
00030888924
Dkt: PTRSCD

## Active Supervision Case(s)

**File Date:** 11/11/1991　　　　　**Docket Number:** 1991-FEL-013355

| Charge Description | Sentence Description | Disp Date |
|---|---|---|
| Voluntary Manslaughter | Confinement: 5 Years To 15 Years | 7/17/1992 |

## Supervision Information

**Type:** Parole

**Supervision Jurisdiction:** District of Columbia

**Supervising Officer:** CSO Lavonya Douglas

(202) 442-1266

| Date Obtained | Start | End | Supervision Comments |
|---|---|---|---|
| 3/21/2008 | 7/29/2007 | 8/18/2013 | PSA was unable to speak with the defendant's Parole officer CSO Lavonya Douglas. PSA did speak with Supervisory CSO Tosha Trotter concerning compliance in this case. According to SCSO Trotter, the defendant has not been in compliance. A Parole Violation warrant was issued on 12/04/07. According to automated Parole records, the defendants last date of contact was on 09/26/07. In addition, the defendant has been in a loss of contact status since 11/19/07. PSA has no further information. |

According to the Bureau of Prisons website, the defendant was released on 07/27/07.

## Prior Conviction(s)

**File Date:** 1/28/2006　　　　　**Docket Number:** 2006-CMD-001617

| Charge Description | Sentence Description | Disp Date |
|---|---|---|
| Poss of a Control Substance -Misd Heroin | Confinement  Confinement: 25 Days / VVCCA: $50.00 | 2/13/2006 |

According to jail records, the defendant was released into the custody of the United States Marshall's Service on 10/02/06.

**File Date:** 5/9/2000　　　　　**Docket Number:** 2000-FEL-002809

| Charge Description | Sentence Description | Disp Date |
|---|---|---|
| UCSA Possession Marijuana | Confinement: 180 Days | 9/5/1984 |

**File Date:** 6/16/1983           **Docket Number:** 1983-CMD-007636

| Charge Description | Sentence Description | Disp Date |
|---|---|---|
| UCSA Possession PCP | Confinement: 1 Years / Probation: 3 Years / Revoked | 9/5/1984 |

## Personal Background

### Community Ties

**Place of Birth:** District of Columbia

**DC Area resident for:**      Life

**Total Time in Area:**     Life

**Marital Status:** Single

**Children:**    Yes                    **No. of Children:**

**Children living with Defendant:** 0

**Last Updated Date:**      03/21/2008

**Verified:** Yes              **Verified By:** Friend

**Verified Date:** 03/21/2008

| Relatives Living With Defendant: | Relatives Not Living With Defendant: |
|---|---|
| None | None |

### Citizenship

**US Citizen:**    Yes

**Passport:**   Defendant reports not having a passport

**Last Updated Date:**      03/21/2008

## Address Information

**Current Address:**
**Address Type:**

**Lives With:** Friend
**Length at Residence:**
**Last Updated Date:** 03/21/2008
**Verified:** Yes          **Verified By:** Friend          **Verified Date:** 03/21/2008

## Employment Information

**Status:** Current

**Employment Status:**

**Primary Means of Support:** Family
**Length:**
**Last Updated Date:**    03/21/2008
**Verified:** Yes      **Verified By:** Friend          **Verified Date:** 03/21/2008

## Education Information

**Education Level:** 14 years

## Health Information

**No health information is available.**

## Substance Abuse Information

### Self Reported:
**No substance abuse information is available**

### Drug Test:
**Drug Test Results Pending**

**Prepared By:** Michael Lukenich          **Prepared Date: 3/21/2008**

AO 91 (Rev. 5/85) Criminal Complaint

**FILED**

# United States District Court

MAR 2 1 2008

## For The District of Columbia

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA

v.

## CRIMINAL COMPLAINT

**JAMES MATTHEWS**
**DOB:**
**PDID:**

CASE NUMBER:   0 8 - 1 9 7 - M - 0 1

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge

and belief.  On or about ___**March 20, 2008**___ in __WASHINGTON__ county, in the _____ District

of _____**COLUMBIA**_____ defendant did, (Track Statutory Language of Offense)

**having been convicted of a crime punishable by imprisonment for a term exceeding one year, ship and transport in interstate and foreign commerce, and possess in and affecting commerce, a firearm and ammunition, and did receive a firearm and ammunition, which had been shipped and transported in interstate and foreign commerce, that is, a Bersa .380 caliber handgun and .380 caliber ammunition.**

in violation of Title____**18**____ United States Code, Section(s)____**922(g)(1)**____.

I further state that I am ___**OFFICER JORDAN KATZ**___, and that this complaint is

based on the following facts:

### SEE ATTACHED STATEMENT OF FACTS

Continued on the attached sheet and made a part hereof:          ☒ Yes   ☐ No

X _____
Signature of Complainant
**OFFICER JORDAN KATZ**
**NARCOTICS SPECIAL INVESTIGATION**
**DIVISION, MPD**

Sworn to before me and subscribed in my presence,

**MAR 2 1 2008**
_____          at          ___Washington, D.C.___
Date                                                                        City and State
**JOHN M. FACCIOLA**
**U.S. MAGISTRATE JUDGE**          _____
Name & Title of Judicial Officer          Signature of Judicial Officer

**JOHN M. FACCIOLA**
U.S. MAGISTRATE JUDGE

## STATEMENT OF FACTS

On March 20, 2008, the United States Marshals Service went to
with the intention of serving an eviction notice. Upon entry into the
apartment the Deputies discovered it was occupied by defendant James Matthews. The defendant
was observed with a handgun protruding from the his rear pants pocket and was ordered to stop and
show his hands. The defendant refused and fled the scene. Deputies pursued the defendant on foot
but lost sight of him momentarily. Upon entering the                                    Deputies
were flagged down by a witness who identified himself as a resident of 1625 Morris Road, S.E. and
advised the Deputies that a male subject ran inside the apartment building stating "Help hide me the
police are chasing me." The Deputies entered the apartment building and found the defendant in the
hallway on the second floor. The defendant was handcuffed and searched but no handgun was found
in his possession.  Deputies searched the surrounding area and recovered a loaded handgun
underneath a floor mat.  Also found on the third floor hallway area was the jacket the defendant was
wearing at the time of initial observation. Deputies contacted the Metropolitan Police Department
Narcotics and Special Investigation Division's Gun Recovery Unit which responded to the scene and
took custody of the loaded handgun.  The defendant was placed under arrest.  To the best of the
undersigned officer's knowledge, defendant James Matthews, has previously been convicted of a
crime punishable by imprisonment for a term exceeding one year in the Superior Court for the
District of Columbia, case numbers                                    Before filing this
complaint, the officer reviewed at least one computer print-out of the defendant's criminal history
and it showed that the defendant had been convicted of such crime.  He wrote his initials on the
computer print-out that he reviewed, so that he would recognize it again in the future.  To the best
of the undersigned officer's knowledge, there are no Bersa .380 caliber handguns nor ammunition
manufactured in the District of Columbia.


X _____
OFFICER JORDAN KATZ
MPD-NARCOTICS SPECIAL INVESTIGATION DIVISION

**MAR 2 1 2008**

SWORN AND SUBSCRIBED BEFORE ME ON THIS ____ DAY OF MARCH, 2008.


United States District Court
For the District of Columbia
A TRUE COPY
NANCY MAYER-WHITTINGTON, Clerk

By _____
Deputy Clerk

_____
U.S. MAGISTRATE JUDGE

**JOHN M. FACCIOLA**
**U.S. MAGISTRATE JUDGE**