UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.           ) | Criminal No. 08-103 (CKK) |
| ) | |
| JAMES MATTHEWS ) | |
| ) | |

**MOTION TO SUPPRESS EVIDENCE,
INCORPORATED MEMORANDUM IN SUPPORT THEREOF, AND
REQUEST FOR EVIDENTIARY HEARING**

James Matthews, by his attorney, respectfully moves this court to suppress physical evidence, statements, and any other tainted evidentiary "fruits" resulting from the investigation, searches, and arrest in this case. This motion is made pursuant to FED. R. CRIM. P. 12(b)(3), and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.

**STATEMENT OF FACTS**

Mr. Matthews is charged, in a one-count indictment filed April 15, 2008, with unlawful possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year.

According to the law enforcement reports filed in this case, on March 20, 2008, the United States Marshals Service went to 1600 Frankford Street, S.E., Apt. #203, in Washington, D.C., to serve an eviction notice. The deputies allegedly observed Mr. Matthews with a handgun protruding from his rear pants pocket and ordered him to stop. Mr. Matthews allegedly ran from

the deputies, who chased him to the 1600 block of Morris Road, S.E. The deputies arrested Mr. Matthews and recovered a loaded handgun. After Mr. Matthews was arrested, police officers interrogated him and elicited statements from him.

## ARGUMENT

**I.   THE DEPUTIES DID NOT HAVE PROBABLE CAUSE TO ARREST MR. MATTHEWS, AND THE FIREARM THAT WAS SUBSEQUENTLY RECOVERED MUST THEREFORE BE SUPPRESSED.**

The Fourth Amendment provides, in part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . .". The Fourth Amendment's protection against unreasonable searches and seizures has been construed to require probable cause for warrantless arrests and searches. Henry v. United States, 361 U.S. 98 (1959). Probable cause exists when, under the facts and circumstances of the situation, a person of reasonable prudence would believe that a crime has been committed or is being committed. Beck v. Ohio, 379 U.S. 89 (1964). As stated in Johnson v. United States, 333 U.S. 10, 13-14 (1948):

> [t]he point of the Fourth Amendment . . . is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime.

In the present case, the arrest and search of Mr. Matthews was predicated upon the mere observations of Mr. Matthews running away. The deputies did not actually observe a weapon on Mr. Matthews. Thus, the arrest of Mr. Matthews, without more, was without probable cause and in violation of the Fourth Amendment. Therefore, all of the evidence seized as a result of this illegal arrest and search must be suppressed. Wong Sun v. United States, 371 U.S. 471 (1963).

II.  **MR. MATTHEWS'S STATEMENTS WERE MADE ILLEGALLY, INVOLUNTARILY AND IN VIOLATION OF <u>MIRANDA</u>, AND THEY MUST THEREFORE BE SUPPRESSED.**

    1.  **The Statements Must Be Suppressed as the Tainted Fruit of an Illegal Search and Seizure.**

Mr. Matthews's alleged statements were made after his warrantless arrest. As discussed earlier, it is Mr. Matthews's position that his arrest was unlawful. Thus, because Mr. Matthews's alleged statements are the tainted fruit of his unlawful arrest, the statements must be suppressed as fruits of unlawful police conduct. See Taylor v. Alabama, 457 U.S. 687 (1982); Dunaway v. New York, 442 U.S. 200, 220 (1979); Wong Sun v. United States, 371 U.S. 471 (1963).

    2.  **Mr. Matthews's Alleged Statements Were Made inViolation of His Fifth Amendment Right Under the United States Constitution**

Mr. Matthews's alleged statements were obtained in violation of his Miranda rights. Miranda v. Arizona, 384 U.S. 436 (1966). For that reason, they must be suppressed. There can be no finding that, when he allegedly made the statements at issue in this case, Mr. Matthews intentionally relinquished a known right or privilege. Johnson v. Zerbst, 304 U.S. 458, 464 (1938). See also Tague v. Louisiana, 444 U.S. 469, 471 (1980) (any waivers must be shown to be understanding).

    3.  **Mr. Matthews's Alleged Statements were Made Involuntarily**

The government must prove by a preponderance of the evidence that Mr. Matthews's alleged statements were made voluntarily. Lego v. Twomey, 404 U.S. 777 (1972). The Court must consider the "totality of the circumstances" in deciding whether Mr. Matthews made any statements voluntarily. Fikes v. Alabama, 352 U.S. 191 (1957). See also Gallegos v. Colorado, 370 U.S. 49 (1962) (determination of whether an accused's statement was made involuntarily so

as to render it inadmissible requires close scrutiny of the facts of each individual case); <u>Clewis v. Texas</u>, 386 U.S. 707 (1967).  Specifically, the Court must examine the efforts to overbear Mr. Matthews's free will in relation to his capacity to resist those efforts.  <u>Davis v. North Carolina</u>, 384 U.S. 737 (1966); <u>Culombe v. Connecticut</u>, 367 U.S. 568, 607 (1961).  The Court must examine Mr. Matthews's "background, experience, and conduct," <u>North Carolina v. Butler</u>, 441 U.S. 369, 375 (1979), to determine whether his alleged statements were the product of a rational intellect and a free will.  <u>Blackburn v. Alabama</u>, 361 U.S. 199, 208 (1980).

## CONCLUSION

For the foregoing reasons, and any other reasons that the Court may deem just and reasonable, Mr. Matthews requests that the Court suppress the physical evidence recovered during the search and all statements made by Mr. Matthews in relation to his arrest, along with any other evidence or statements obtained by the officers in violation of the Fourth and Fifth Amendments.  Mr. Matthews respectfully requests an evidentiary hearing on this motion.

Respectfully submitted,

A. J. KRAMER
Federal Public Defender


____"/s/"_____
RITA BOSWORTH
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, DC  20004
(202) 208-7500

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** ) | | |
| ) | Cr. No. 08-103 (CKK) | |
| **v.** ) | | |
| ) | | |
| **JAMES MATTHEWS** ) | | |
| _____) | | |

**ORDER**

Upon consideration of defendant's Motion to Suppress Evidence, it is this _____ day of

_____, 2008, hereby

**ORDERED** that defendant's Motion to Suppress is **GRANTED**, and it is further

**ORDERED** that all evidence shall be suppressed.

_____
HONORABLE COLLEEN KOLLAR-KOTELLY
United States District Judge