IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL NO. 08CR103 (CKK) |
| JAMES MATTHEWS : | |
| : | Next Date: August 29, 2008 |
| : | |
| Defendant. : | |
| : | |

### UNITED STATES' MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing recommending that the Court accept the sentence agreed upon by the parties and that defendant Matthews be sentenced to ten years in prison, the statutory maximum period for a violation of 22 U.S.C. 922(j). In support thereof, the United States respectfully states the following:

### Background

1.  On March 20, 2008, three Deputy United States Marshals accompanied a moving crew to serve an eviction order at Mr. Matthews's residence located at 1600 Frankford Street, S.E., Apartment # 203. During the execution of the eviction order, one of the deputies saw the butt of a black and silver pistol protruding from Mr. Matthews's back pocket. After this observation was made, Mr. Matthews ran away from the house and went inside an apartment building at 1625 Morris Road, where he discarded the firearm under a door mat on the second floor. The deputies pursued Mr. Matthews, arrested him, and recovered the firearm, which was a Bersa .380 caliber semiautomatic handgun. It was loaded with seven rounds and was operable.

2.  On April 15, 2008, the defendant was indicted on one count of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by

Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. 922(g). The indictment specifically referenced three prior felony convictions that were qualifying convictions under 18 U.S.C. 924(e). The convictions were for robbery, manslaughter, and possession with intent to distribute narcotics. Consequently, if the defendant were convicted of the charge in the indictment, the defendant would be facing a mandatory sentence of fifteen years in prison as a career offender under 18 U.S.C. 924(e).

3. In attempting to fashion a plea offer in this case, the government informed defense counsel that there was simply no room to negotiate because of the mandatory time required by the career offender statute. Since the sentencing guidelines calculation under 922(g) would result in a confinement range less than the mandatory minimum required by the career offender statute, there was simply no incentive for the defendant to plead guilty. The defense responded by offering to plead to a violation of 18 U.S.C. 922(j) in order to avoid the mandatory minimum required by 924(e) and because her client knew the weapon was stolen. The defense also offered to agree to a sentence of ten years. The government balanced the strength of the government's case, the inherent risk of proceeding to trial, and the value of seeking the additional jail time. All things considered, the government decided to accept the agreement as proposed by the defense to allow the defendant to receive some benefit for acceptance of responsibility.

## Sentencing Guidelines

4. The Federal Sentencing Guidelines calculation embodied in the Presentence Report places the defendant's offense level at 23 with a criminal history score placing the defendant in category V. This calculation subjects the defendant to a term of incarceration between 84 and 105 months. However, this calculation is only minimally material to the court's

determination. By the terms of the agreement, if the Court rejects the negotiated plea terms in this case, the government will withdraw the plea offer and revert back to the indictment, which will subject the defendant to a mandatory term of fifteen years as a career offender. Obviously, the Court should consider all of the factors included in the presentence report including the guidelines calculation in evaluating the efficacy of the negotiated plea, but the final balancing in terms of confinement is a choice between ten years in jail and at least fifteen. By the terms of the plea, those are the only two options.

### Sentencing Recommendation

5.  The Government recommends that the Court accept the terms of the negotiated plea agreement and sentence the defendant to ten years in prison. When determining the appropriate sentence, the district court should consider all of the applicable factors set forth in 18 U.S.C. § 3553(a). See Gall v. United States, 128 S. Ct. 586 (2007). These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant" (18 U.S.C. §3553(a)(1)); the need for the sentence imposed to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed correctional treatment (18 U.S.C. § 3553(a)(2)); the Sentencing Guidelines and related Sentencing Commission policy statements (18 U.S.C. § 3553(a)(4) and (a)(5)); and the need to avoid unwarranted sentence disparities (18 U.S.C. § 3553(a)(6)). In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory application of the United States Sentencing Guidelines violates the Sixth Amendment principles articulated in Blakely v. Washington, 124 S. Ct. 2531 (2004). As a consequence, the Court invalidated the statutory provision that made the Guidelines mandatory, 18 U.S.C. § 3553(b)(1). Booker, 125 S. Ct. at

756. Thus, the Court is free to, and should, consider the total record in deciding whether to accept the proposed plea agreement.

      8.      While a sentence of ten years would constitute a upward variance under Booker, such a sentence is supported by the factors articulated in 18 U.S.C. §3553(a)(1). The offense in this case is significant in that the defendant possessed a firearm after being previously convicted of very serious crimes including manslaughter. The defendant ran from police and attempted to hide the weapon. The defendant's criminal history is severe enough to warrant a period of incarceration of at least ten years. Indeed, the legislature indicated that the defendant's criminal history is deserving of a minimum of at least fifteen years. Any disparity in the defendant's criminal history and the sentence requested by the government inures to the benefit of the defendant. In light of the alternative of facing a mandatory minimum, the sentence provides just punishment for the crime. Incarceration for ten years will serve as a significant deterrent for this defendant and will protect the community for at least a decade.

## CONCLUSION

WHEREFORE, based upon the above, and the information reflected in the Pre-sentence Report, the United States respectfully recommends the Court accept the negotiated the plea agreement and sentence the defendant to ten years confinement and any other terms that the Court deems appropriate.

                                                Respectfully,

                                                JEFFREY A. TAYLOR
                                                UNITED STATES ATTORNEY

                                                By:  _____/s/_____
                                                CHARLES NEIL FLOYD
                                                ASSISTANT UNITED STATES ATTORNEY
                                                555 Fourth Street, N.W., Room 4243

Washington, D.C. 20530
Phone: (202) 305-2195
e-mail: charles.floyd@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Memorandum in Aide of Sentencing was served by the Electronic Case Filing system and facsimile to Tony Miles, Federal Public Defender, 625 Indiana Avenue, NW, Washington D.C. this 20th day of August, 2008.

_____
CHARLES NEIL FLOYD
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | |
| | : | CRIMINAL NO.  08CR103 (CKK) |
| JAMES MATTHEWS | : | |
| | : | Next Date:    August 29, 2008 |
| | : | |
| Defendant. | : | |
| _____ | : | |

**GOVERNMENT'S MOTION FOR LEAVE TO FILE**
**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves the Court, pursuant to Rule 45(b)(1)(A), for leave to file a memorandum in aid of sentencing to inform the Court as to the reasoning of the negotiated plea in this case.  In support of its motion, the governments states the following:

On April 15, 2008, the defendant entered a plea of guilty by was of information to one count of possession of a stolen firearm in violation of 18 U.S.C. 922(j).  Pursuant to Rule 11(c)(1)(C) the parties agreed to a sentence of ten years in jail.  At the plea hearing, the Court indicated that it wanted the government to provide a memorandum explaining why the Court should accept the negotiated plea terms by August 1, 2008.  Due to what government counsel believes excusable neglect, I did not complete my review of the presentence report and did not complete the requested memorandum within the time allotted.

Government counsel failed to provide the requested memorandum within the specified time due to the need to consult with supervisors in the office and to review the presentence report before providing guidance to the Court.  After government counsel agreed to provide a memo by August 1st, counsel was approved to attend training at the National Advocacy Center

beginning July 28, 2008. This week-long training was followed by two weeks of previously scheduled annual leave. Consequently, government counsel was out of the office from July 25th until August 18th, 2008. In the course of preparing for an extended period of time away from the office, government counsel allowed the time to file this memorandum to expire. Since this requested memorandum supports a Rule 11(c)(1)(c) plea, the defense will not be prejudiced by allowing this late filing.

## CONCLUSION

WHEREFORE, based upon the above, the Government requests that the Court accept counsel's apology, view government counsel's oversight as excusable neglect, and accept the Memorandum in Aid of Sentencing filed by government.

                                                  Respectfully,

                                                  JEFFREY A. TAYLOR
                                                  UNITED STATES ATTORNEY

                                                  By: _____/s/_____
                                                  CHARLES NEIL FLOYD
                                                  ASSISTANT UNITED STATES ATTORNEY
                                                  555 Fourth Street, N.W., Room 4243
                                                  Washington, D.C. 20530
                                                  Phone: (202) 305-2195
                                                  e-mail: charles.floyd@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | CRIMINAL NO.  08CR103 (CKK) |
| JAMES MATTHEWS : | |
| : | Next Date:     August 29, 2008 |
| : | |
| Defendant. : | |
| : | |

### ORDER

UPON CONSIDERATION of the government's Motion for Leave to File an Government's Memorandum in Aid of Sentencing, and for good cause shown, it is, this _____ day of August 2008,

ORDERED that the motion be and hereby is GRANTED.

 

COLLEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a copy of the foregoing Motion for Leave to File Memorandum in Aide of Sentencing was served by the Electronic Case Filing system and facsimile to Tony Miles, Federal Public Defender, 625 Indiana Avenue, NW, Washington D.C. this 20th day of August, 2008.

_____
CHARLES NEIL FLOYD
Assistant United States Attorney