IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| Plaintiff, | : | |
| v. | : | CRIMINAL NO. 08-103 (CKK) |
| JAMES MATTHEWS | : | |
| Defendant. | : | |

### MEMORANDUM IN AID OF SENTENCING

Defendant James Matthews, through counsel, respectfully submits the following Memorandum in aid of his sentencing.

Mr. Matthews will appear before this Court for sentencing on August 29, 2008, as a result of his guilty plea to receiving a stolen firearm, in violation of 18 U.S.C. § 922(j). In this memorandum, Mr. Matthews argues that the 84-105 months sentencing guideline range set forth in the Presentence Report (PSR) is inaccurate. Mr. Matthews contends that the correct sentencing guideline range applicable to his case is a range between 57 to 71 months. Nevertheless, due to various reasons, Mr. Matthews and the government agree that a sentence of 10 years is a reasonable and appropriate sentence in this case.

### ARGUMENT

**I.  SENTENCING GUIDELINES**

A.  Stolen Firearm Enhancement

Although Mr. Matthews has been convicted in the instant case of receiving a stolen firearm, the PSR applies a two level enhancement pursuant to U.S.S.G. § 2K2.1(b)(4) due to the firearm

1

being stolen. Because the offense to which Mr. Matthews pled guilty already accounts for the firearm being stolen, an enhancement under § 2K2.1(b)(4) would improperly punish Mr. Matthews twice for the stolen nature of the firearm. The Application Notes relating to the applicable guideline section specifically prohibits an enhancement pursuant to 2K2.1(b)(4) in certain instances "because the base offense level takes into account that the firearm or ammunition was stolen." See U.S.S.G. § 2K2.1, Application Note 8(A). Since the base offense level in Mr. Matthews's case already considers the stolen firearm, he should not also receive a two level stolen firearm enhancement under § 2K2.1(b)(4) for the reasons discussed in Application Note 8(A). Without this enhancement, Mr. Matthews's Total Offense Level is 21.

    B.    Criminal History Score

The PSR states that Mr. Matthews received a twenty months to five years sentence on July 28, 1989 in connection with District of Columbia Superior Court case 1989-FEL-0002131. The PSR also indicates that Mr. Matthews was released from confinement in connection with this sentence in 1991. Thus, ordinarily, Mr. Matthews would not receive any criminal history points for this conviction because he was released from confinement more than fifteen years prior to the commencement of the instant offense. See U.S.S.G. § 4A1.2(e)(1). However, the PSR ascribes three criminal points for this prior conviction based on the theory that Mr. Matthews was incarcerated within the fifteen year time limit due to a revocation of his parole in 2005. While Mr. Matthews does not dispute the underlying conviction in Superior Court case 1989-FEL-0002131, the defense has not been presented with any evidence to support the probation office's contention that Mr. Matthews was sentenced to a period of incarceration within the fifteen year window as a result of a parole revocation. Because the burden is on the government to prove any criminal history

enhancement, see United States v. Price, 409 F.3d 436, 444 (D.C. Cir. 2005), Mr. Matthews should not receive any criminal history points in connection with Superior Court case 1989-FEL-0002131 based on the record currently before the court. Mr. Matthews's criminal history score is 8 without the three additional criminal history points. Eight criminal history points places Mr. Matthews in Criminal History Category IV.

**II.    A SENTENCE OF TEN YEARS IS A REASONABLE AND APPROPRIATE SENTENCE IN THIS CASE.**

Due to a combination of factors, a sentence of ten years is reasonable and appropriate. In accordance with 18 U.S.C. § 3553(a), a sentence of ten years is not too severe for reasons articulated by the government in its Memorandum in Aid of Sentencing. The government's sentencing memorandum also provides information which demonstrates that a ten years sentence is a fair and just resolution of this case. For reasons discussed below, pursuant to 18 U.S.C. § 3553(a), a sentence of ten years is also not a sentence which is too lenient. When considering such factors as the nature of the offense, and the history and characteristics of Mr. Matthews, a sentence of ten years is warranted.

Mr. Matthews's offense is a non-violent offense and he seriously regrets having any involvement in this offense. Mr. Matthews did not use the firearm to threaten or intimidate anyone, and the firearm was not possessed in connection with any other offense. After being arrested and charged in this case, Mr. Matthews accepted responsibility for his behavior by entering into a guilty plea in connection with his conduct.

Although Mr. Matthews described his childhood as "average," he grew up with little interaction with his biological father. Mr. Matthews's father was incarcerated during much of his

youth, and Mr. Matthews was primarily raised by his mother. While Mr. Matthews was a teenager, because he was unable to live in the same household as his mother's new husband, Mr. Matthews began living with his grandmother. Mr. Matthews never graduated from high school, but he was able to earn his GED later in his life.

Fortunately, Mr. Matthews has developed some useful skills. He is skilled in the areas of hanging drywall, plumbing and operating a forklift vehicle. He has also enjoyed some periods of employment. For two years, Mr. Matthews worked as a janitor at the National Children's Center in Washington, D.C.. He also worked ab Bowie's Trash Company in Waldorf Maryland for one year.

Mr. Matthews's main problem has been his addiction to drugs. Mr. Matthews has been abusing drugs for a little over twenty years. His drug of choice has been heroin and he uses this drug very frequently. In fact, on the day of his arrest for the instant offense, Mr. Matthews had used heroin. As was the case on the day of his arrest in this case, drugs have frequently contributed to Mr. Matthews's criminal conduct in the past. Sadly, Mr. Matthews has never been properly treated for his addiction.[1] With proper treatment, Mr. Matthews can be a productive and law abiding citizen. Mr. Matthews realizes the troubles his drug abuse has caused him and he wants to receive drug treatment while he is serving his sentence in this case.

## CONCLUSION

Based on arguments made in this sentencing memorandum, Mr. Matthew's correct sentencing guideline range is 57-71 months. Despite the lower guideline range, due to significant benefits Mr. Matthews receives through the plea agreement, Mr. Matthews requests that this Court

---

[1] Mr. Matthews recognizes that he has had an opportunity in the past to benefit from a drug program, and that he did not complete the program due to his own noncompliance.

impose the agreed upon ten years sentence. When considering all the facts and issues present in this case, a sentence of ten years is a reasonable sentence which is justified by the sentencing factors enumerated in 18 U.S.C. § 3553(a).

                                                    Respectfully submitted,

                                                    A. J. KRAMER
                                                    FEDERAL PUBLIC DEFENDER

                                                    _____/s/_____
                                                    TONY W. MILES
                                                    Assistant Federal Public Defenders
                                                    625 Indiana Avenue, N.W.
                                                    Washington, D.C. 20004
                                                    (202) 208-7500