UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

JAMES MATTHEWS,

Defendant.

Civil Action No. 13-0753 (CKK)
Criminal No. 08-0103 (CKK)

**MEMORANDUM OPINION**
(September 17, 2013)

Defendant James Matthews pled guilty to one count of receiving, selling, or disposing of a stolen weapon, in violation of 18 U.S.C. §§ 922(j), 924(a)(2). Presently before the Court is the Plaintiff's petition for a writ of habeas corpus under 28 U.S.C. § 2241, which the Court construes as a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. The Defendant argues that Government violated the Defendant's Fifth, Sixth, and Tenth Amendment Rights by prosecuting the Defendant in federal court rather than the Superior Court for the District of Columbia. Upon consideration of the pleadings, the relevant legal authorities, and the record as a whole, the Court finds the Defendant's motion is time-barred. Accordingly, the Defendant's [31] Motion to Vacate, Set Aside, or Correct a Sentence is DENIED.

The Defendant was charged by indictment with unlawful possession of a firearm by a person convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). Indictment, ECF No. [5]. Pursuant to a Rule 11(c)(1)(C) plea agreement, the Defendant would plead guilty to one count of receiving, selling, or disposing of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2), and was sentenced to a term of ten years imprisonment. Judgment, ECF No. [21]. Over three years later, the Defendant

submitted a letter to the Court, which the Court construed as a motion to reduce his sentence. 2/28/12 Ltr., ECF No. [23]. The Court denied the Defendant's motion on the grounds the Court lacked authority to reduce the Plaintiff's sentence. 11/6/12 Order, ECF No. [27]. The Plaintiff sought reconsideration of the Court's decision, which the Court denied as meritless. 4/29/13 Order, ECF No. [28].

On May 9, 2013, the Defendant submitted the present motion, styled as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Def.'s Mot., ECF No. [31]. The Defendant's motion argues that by charging the Defendant with a federal crime rather than a state offense violated the Fifth, Sixth, and Tenth Amendments. *Id.* at 10. The Court advised the Defendant that "per 28 U.S.C. § 2255, these claims must be brought via a Motion to Vacate, Set Aside, or Correct the Sentence, unless the remedy by motion under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of Defendant's detention." 5/21/13 Order at 1. The Court indicated that unless the Defendant withdrew his motion by July 5, 2013, the Court would construe his motion as a section 2255 motion to vacate. *Id.* at 1-2. Via letter, the Defendant asked the Court to reconsider construing the motion as a motion to vacate "[b]ecause of the risk involved." 6/13/13 Ltr., ECF No. [33]. The Defendant's motion to reconsider failed to offer any explanation as to why a motion to vacate pursuant to section 2255 would be inadequate or ineffective, therefore the Court denied the Defendant's request and once again advised the Defendant that if he did not withdraw his motion by July 5, the Court would construe the pleading as a motion to vacate. 6/12/13 Order at 1-2. The Defendant did not withdraw his motion, and the Court ordered the Government to submit a response. 7/8/13 Order, ECF No. [35].

Title 18, Section 2255 of the United States Code provides that

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

18 U.S.C. § 2255(a). "A 1–year period of limitation shall apply to a motion under this section." *Id*. § 2255(f). The Court entered final judgment in this matter on September 3, 2008. The Defendant did not appeal his sentence. The Defendant filed the present motion on May 9, 2013, over four years after the entry of final judgment. Facially, the Defendant's motion is untimely.

The Defendant argues that the present motion is based on "newly [d]iscover[ed] [e]vidence." 6/13/13 Ltr. If a motion to vacate alleges newly discovered evidence "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). The "newly discovered evidence" underlying the Defendant's motion appears to be a "recent decision of the United States 4th Circuit Court of Appeals in Terrell McCullum v. United States." Pl.'s Mot. at 12. Elsewhere in his motion the Plaintiff refers to a decision involving "Terrell McCullen." *Id*. at 10. The Court was unable to locate any opinion from any federal court (District or Circuit) for "Terrell McCullum" or "Terrell McCullen."

The Court believes the Defendant may be referring to the case of *United States v. McCullum*, No. 7:08-cr-72 (E.D.N.C. filed July 30, 2008). Defendant McCullum pled guilty to one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). *United States v. McCullum*, No. 7:08-cr-72, Plea Agreement (E.D.N.C. filed June 8, 2009). Defendant McCullum subsequently moved to vacate his guilty plea on the grounds that pursuant to the

Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), Defendant McCullum's prior conviction was not a felony for purposes of 18 U.S.C. § 922(g). *United States v. McCullum*, No. 7:08-cr-72, Mot. to Vacate (E.D.N.C. filed Apr. 4, 2012). The Government did not oppose the motion, and on August 15, 2012, United States District Judge James C. Fox granted Defendant McCullum's motion to vacate his conviction pursuant to 28 U.S.C. § 2255. *United States v. McCullum*, No. 7:08-cr-72, Order (E.D.N.C. filed July 30, 2008).

The *Simmons* decision is both non-binding and irrelevant to the present case. In *Simmons* the Fourth Circuit re-defined how courts were to determine if a defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year *in the state of North Carolina*, based on the intricacies of the North Carolina sentencing scheme. *Simmons*, 649 F.3d at 241-43. As set forth in the Presentence Investigation Report, Defendant Matthews had numerous convictions prior to his arrest in the present case, including a conviction for assault with a dangerous weapon, for which the Defendant received a term of imprisonment of four to twelve years. Presentence Invest. Report, ECF No. [14], ¶ 24. The Defendant was also convicted of voluntary manslaughter, for which he received a sentence of five to fifteen years imprisonment. *Id.* ¶ 27. In each case, the Defendant was convicted in the Superior Court for the District of Columbia. *Id.* ¶¶ 22-27. Even if the *Simmons* decision was in anyway applicable to convictions in the District of Columbia, the Defendant would still be considered a felon for purposes of section 922(g) because he was actually sentenced (in at least two cases) to a term of imprisonment in excess of one year. Assuming the Defendant's motion were timely, there is no basis for setting aside the Defendant's guilty plea.

For the foregoing reasons, the Court finds the Defendant is not entitled to the requested relief. The Defendant was required to file a motion to vacate pursuant to 28 U.S.C. § 2255

within one year of the date on which his conviction became final, but clearly failed to do so. The Defendant attempts to invoke the "newly discovered evidence" exception to the one-year statute of limitations. However, even if the Defendant's motion would be considered timely under this exception, the Defendant's claim fails on the merits. Accordingly, the Defendant's [31] Motion to Vacate, Set Aside, or Correct a Sentence is DENIED.

An appropriate Order accompanies a Memorandum Opinion.

_/s/_
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE
